UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DOMINGUS NOBREGA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:20-cv-00302-JDL |
| | ) | |
| YORK COUNTY SHERIFF, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON MOTION TO REMAND, MOTION TO
DISMISS, AND OBJECTION TO NOTICE OF REMOVAL**

In this action, Plaintiff, an inmate at the York County Jail, alleges that Defendants

violated his rights under the United States Constitution and the Maine Constitution.

Plaintiff has joined as defendants the York County Sheriff, jail administrators,[1] the chaplain

at the jail (collectively, the York County Defendants), and the Maine Department of

Corrections (MDOC).

This matter is before the Court on Plaintiff's objection to Defendant's Notice of

Removal (Objection, ECF No. 5.), Plaintiff's motion to remand (ECF No. 7), and

Defendant MDOC's motion to dismiss. (ECF No. 4.)  Following a review of the pleadings

and after consideration of the parties' arguments, I recommend that the Court overrule

Plaintiff's objection to the notice of removal, deny without prejudice Plaintiff's motion to

remand, and grant Defendant MDOC's motion to dismiss.

---

[1] Although Plaintiff filed suit against "Jail Administrators," the summons for the jail administrators was apparently served on the Maine Department of Corrections.

1

**BACKGROUND**

Plaintiff originally filed this action in the Maine Superior Court (York County).  In his complaint, Plaintiff alleges that his "U.S. Constitutional Right of the 1st Amendment – Freedom to Practice his Jewish Religion" and his rights under two sections of the Maine Constitution were violated. (Complaint, ECF No. 3-2.)  In response to the complaint, Defendant MDOC filed a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), arguing that the complaint "does not contain any allegations against MDOC and thus fails to state a claim against MDOC."  (ECF No. 4.)  The remaining defendants filed a Notice of Removal to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (Notice of Removal, ECF No. 1.)

Plaintiff objects to the Notice of Removal, asserting that the defendants violated his "Maine [constitutional] rights" and his "Maine[] Civil Rights," and suggesting that he does seek relief under federal law.  (Objection at 2-3.)  Plaintiff later filed a document entitled "Affidavit & Withdraw from this Court," which was docketed as a motion to remand. (Motion to Remand, ECF No. 7.)  In that motion, Plaintiff states that he is not asserting any violation of his First Amendment rights under the U.S. Constitution; rather, he maintains that he is asserting violations of his rights only under the Maine Constitution.  (Motion at 3-4.)  In his reply memorandum in support of his motion to remand, Plaintiff asserts that he is "only claiming" violations of his Maine constitutional rights and that "there is nothing

federal being claimed at this time."[2]   (Reply at 3, ECF No. 10.) The York County Defendants contend that, absent either an amended complaint expressly removing all federal claims or an Order from this Court dismissing any claims arising under the United States Constitution, this Court should maintain jurisdiction over this action given that Plaintiff's complaint asserts a federal constitutional violation.   (Response to Objection, ECF No. 6; Response to Motion to Remand, ECF No. 9.)

**DISCUSSION**

**A.     Plaintiff's Objection to Removal and Motion to Remand**

"The burden of establishing federal jurisdiction is upon the party who removed the case to federal court."  *Me. Mun. Ass'n v. Mayhew*, 64 F. Supp. 3d 251, 263 (D. Me. 2014). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"   *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).   "[R]emoval of an action from state court to federal court is proper only if the federal court has original jurisdiction."   *Mayhew*, 64 F. Supp. 3d at 263; *see* 28 U.S.C. § 1441(a).   Under federal question jurisdiction, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

---

[2] Plaintiff filed a document entitled "Motion to Denounce & Dismisses Claims of 1ˢᵗ Amend., Federal Law in Complaint," which document the court construed and docketed as a reply in support of Plaintiff's motion to remand.

question is presented on the face of the plaintiff's properly pleaded complaint.*"* *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, "a court is to ask whether the plaintiff's *claim to relief* rests upon a federal right, and the court is to look only to *plaintiff's complaint* to find the answer.'*"* *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 10 (1st Cir. 2004) (quoting *Hernandez-Agosto v. Romero-Barcelo*, 748 F.2d 1, 2 (1st Cir. 1984) (emphasis in original); *see Ortiz-Bonilla v. Federacion de Ajedrez de Puerto Rico, Inc.*, 734 F.3d 28, 34 (1st Cir. 2013) ("The jurisdictional question is determined from what appears on the plaintiff's claim, without reference to any other pleadings."). Therefore, "[w]here a complaint 'is so drawn as to seek recovery directly under the Constitution or laws of the United States,' the federal court must entertain the suit." *Ortiz-Bonilla*, 734 F.3d at 34 (quoting *Bell v. Hood*, 327 U.S. 678, 681 (1946)). "It is immaterial that a claimant in retrospect views [his] federal claims as surplus, or after removal, moves to strike the federal claims. The plaintiff is the 'master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'" *Ortiz-Bonilla*, 734 F.3d at 36 (citation omitted) (quoting *Caterpillar*, 482 U.S. at 392). Further, "[a] federal court that exercises federal question jurisdiction over a single claim may also assert supplemental jurisdiction over all state-law claims that arise from the same nucleus of operative facts." *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbldg. Workers of Am.*, 132 F.3d 824, 833 (1st Cir. 1997); *see* 28 U.S.C. § 1367(a).

Here, Plaintiff asserts a federal question, alleging that Defendants violated his First Amendment rights under the United States Constitution. The York County Defendants, therefore, have demonstrated that the Court has federal question jurisdiction over the

Plaintiff's claim and that removal was proper.  *See* 28 U.S.C. §§ 1331, 1441(a); *Mayhew*, 64 F. Supp. 3d at 263.  Accordingly, Plaintiff's objection to the removal and Plaintiff's motion to remand fail.

**B.     MDOC Motion to Dismiss**

Defendant MDOC moves to dismiss the claims against it, arguing that Plaintiff's complaint "does not contain any allegations against MDOC" and does not name MDOC as a party.  *See* Fed. R. Civ. P. 12(b)(6).  (ECF No. 4.)

"In ruling on a motion to dismiss under Rule 12(b)(6), a court 'must assume the truth of all well-plead facts and give the plaintiffs the benefit of all reasonable inferences therefrom.'"  *Blanco v. Bath Iron Works, Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.*, 622 F.3d 62, 68 (1st Cir. 2010)).  "[T]o survive a motion to dismiss, plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief."  *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009) (citation omitted).

Plaintiff's complaint does not reference the MDOC, nor does it allege any "facts to show that he has a plausible entitlement to relief," *id.*, against the MDOC.  In fact, in his reply in support of his motion to remand, Plaintiff asserts that any claims against MDOC should be "removed" because Plaintiff did "not bring [an] action upon MDOC." (Objection at 4, ECF No. 5.)  Defendant MDOC, therefore, should be dismissed.

**CONCLUSION**

Based on the foregoing analysis, I recommend the Court grant Defendant MDOC's motion to dismiss.  I also recommend the Court overrule Plaintiff's objection to removal and deny without prejudice Plaintiff's motion to remand.

I further recommend the Court order that if Plaintiff does not want to assert a federal claim, Plaintiff shall file a motion to amend his complaint, with a proposed amended complaint,[3] within 21 days of the date of the Court's order on this recommended decision.[4]

**<u>NOTICE</u>**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of November, 2020.

---

[3] *See Bernard v. Town of Lebanon*, No. 2:16-cv-00042-JAW, 2017 WL 1232406, at * 7 (D. Me. Apr. 3, 2017) ("[A] plaintiff seeking leave to amend a complaint should file a separate motion, which should include as an exhibit the proposed amended complaint.").

[4] A motion to amend the complaint rather than a motion to dismiss is appropriate.  Federal Rule of Civil Procedure 41, which governs a plaintiff's ability to dismiss an action, has been construed to "only permit[] complete dismissal of an 'action,' not partial dismissal of 'fewer than all the claims.'" *Featherston v. District of Columbia*, 910 F. Supp. 2d 1, 11 (D.D.C. 2011).  *See also Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687 – 90 (9th Cir. 2005) (plaintiff cannot dismiss even with court approval fewer than all claims under Rule 41(a)(2)); *Sudnick v. Dep't of Defense*, 474 F. Supp. 2d 91, 95 n.3 (D.D.C. 2007) (Rule 41 "cannot be invoked to eliminate 'fewer than all of the claims against any particular defendant'" (quoting 8 Moore's Federal Practice § 41.21[1] (3d ed. 1997))).