UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DOMINGUS NOBREGA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:20-cv-00302-JDL |
| | ) | |
| YORK COUNTY SHERIFF, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
AND RECOMMENDED DECISION ON PLAINTIFF'S MOTION
TO DISMISS AND REMAND COMPLAINT**

Plaintiff moves to amend his complaint and, upon the amendment of the complaint, to remand the matter to state court. (Mot. to Amend, ECF No. 13; Mot. to Dismiss and Remand, ECF No. 18.)

Following a review of the record and after consideration of the parties' arguments, I grant Plaintiff's motion to amend his complaint. I also recommend the Court grant Plaintiff's request to remand the matter to state court.

## BACKGROUND

Plaintiff originally filed his complaint in the Maine Superior Court in June 2020, alleging Defendants violated his rights under the Maine Constitution and the United States Constitution while Plaintiff was an inmate at the York County Jail. (Complaint, ECF No. 3-2.) Plaintiff joined as defendants the York County Sheriff, "jail administrators," and the chaplain at the jail (collectively, the York County Defendants), as well as the Maine Department of Corrections (MDOC). MDOC filed a motion to dismiss in state court before

the matter was removed. *See* M.R. Civ. P. 12(b)(6). (Motion, ECF No. 4.) On August 19, 2020, the York County Defendants, with MDOC's consent, filed a Notice of Removal to this Court based on federal question jurisdiction. *See* 28 U.S.C. § 1331. (Notice of Removal, ECF No. 1.) Plaintiff objected to removal, asserting that he was not seeking relief under federal law, and later filed a motion to remand the matter to state court. (Objection, ECF No. 5; Mot. to Remand, ECF No. 7.) The Court granted MDOC's motion to dismiss, denied Plaintiff's objection to the removal, and denied Plaintiff's motion to remand. (Recommended Decision, ECF No. 11; Order Accepting Recommended Decision, ECF No. 21.)

After Plaintiff moved to amend his complaint, he filed a proposed amended complaint, naming as defendants the York County Sheriff and "Lt. Col. Michael Vertillo" and asserting six state law claims. (Amended Complaint at 2-4, ECF No. 14.) In the proposed amended complaint, Plaintiff alleges violations of sections 1, 3, and 9 of the Maine Constitution, as well as violations of "the Maine Civil Rights Clause," "Discrimination Laws/Statutes (of [Maine])," and "Harassment Laws/Statutes (of [Maine])." (*Id.* at 2-3.) The proposed amended complaint includes alleged facts that occurred after the filing of Plaintiff's original complaint (*id*. at 3-4, 6, 8), but does not include a federal claim.

Plaintiff subsequently filed a "Motion to Dismiss for Lack of Subject Matter Jurisdiction," which was docketed as a Motion to Dismiss and Remand. (Mot. to Remand, ECF No. 18.) Given the lack of any federal claims in the proposed amended complaint,

Plaintiff argues that the Court lacks subject matter jurisdiction and asks the Court to remand the matter to state court.  (*Id.* at 2-3.)

## DISCUSSION

**A.     Motion to Amend**

Through his proposed amended complaint and some of his other filings, Plaintiff has expressed his intent to limit his complaint to claims arising under Maine law.  He also proposes to remove the chaplain of the jail as a defendant, and to add Lt. Col. Michael Vertillo as a defendant.[1]  (Amended Complaint at 2-4.)  The York County Defendants maintain that Plaintiff "should be required to clearly set forth the proposed changes for which he seeks the Court's leave" in order for the Defendants to be "on notice as to the substance and basis of the requested leave" and for the Defendants to be able to "frame an appropriate response and understand what new claims or allegations the Plaintiff is seeking to add."  (Response at 1-2, ECF No. 17.)

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial. Subject to certain time constraints, "[a] party may amend its pleading once as a matter of course."  Fed. Civ. P. 15(a)(1).  Otherwise, as relevant here, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  In such cases, "[t]he court should freely give leave when justice so requires." *Id.*  However, "amendments may be denied for several reasons, including undue delay, bad faith, dilatory motive of the requesting party, repeated failure to cure deficiencies, and

---

[1]  Plaintiff also seeks to remove MDOC as a party.  The issue is moot because, as explained above, the Court granted MDOC's motion to dismiss.

3

futility of amendment."[2]  *Hagerty ex rel. United States v. Cyberonics, Inc.*, 844 F.3d 26, 34 (1st Cir. 2016) (quotation marks omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Plaintiff requests leave to amend his complaint by removing the jail chaplain as a defendant, adding Lt. Col. Vertillo as a defendant, and asserting six state law claims. Plaintiff includes in the proposed amended complaint enough facts to inform Defendants of the factual bases of his claims.[3]  Given that the case is at a relatively early stage and given that Plaintiff timely filed his motion to amend in response to the Court's direction in recommended decision regarding any motion to amend Plaintiff might want to file, I discern no prejudice to Defendants by granting Plaintiff leave to amend as requested. Indeed, while Defendants have objected to Plaintiff's motion, Defendants have not argued "undue delay, bad faith, dilatory motive of the requesting party, repeated failure to cure deficiencies, and futility of amendment." *Hagerty*, 844 F.3d at 34.

---

[2] To the extent that Plaintiff's proposed amended complaint includes alleged facts that occurred after the filing of his original complaint and may be interpreted as a supplemental pleading, *see* Fed. R. Civ. P. 15(d), the standard for granting a motion for leave to file a supplemental pleading is "closely analogous" to the standard for Rule 15(a) pleading amendments. *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015). ("[C]ourts customarily have treated requests to supplement under Rule 15(d) liberally," and such "liberality is reminiscent of the way in which courts have treated requests to amend under Rule 15(a)'s leave 'freely give[n]' standard." (citations omitted)). Leave for such an amendment, therefore, should be freely granted unless it would cause undue delay or trial inconvenience, prejudice the rights of any of the other parties to the action, or would be futile. *Id.*

[3] To the extent that Defendants seek further clarification of Plaintiff's complaint, as amended, Defendants are not precluded from doing so either in this Court if the case remained in federal court or, upon remand, pursuant to the Maine Rules of Civil Procedure. *See* M.R. Civ. P. 12(e); *Cianchette v. Cianchette*, NO. BCD-CV-2019-042, 2019 Me. Bus. & Consumer LEXIS 46, at *19 (Dec. 16, 2019) ("A motion for a more definite statement is available only where a defendant could not reasonably be required to frame their answer to a pleading because of its vagueness or ambiguity.")

**B.     Motion to Remand**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). To establish this Court's subject-matter jurisdiction over a claim, the claim must present either a federal question that "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or a matter in controversy that exceeds the value of $75,000 between persons domiciled in different states, 28 U.S.C. § 1332. "Federal courts are obliged to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case." *Acosta-Ramírez v. Banco Popular de Puerto Rico*, 712 F.3d 14, 18 (1st Cir. 2013).

Given that the Court has granted Plaintiff's leave to amend his complaint, that Plaintiff's complaint, as amended, does not include any federal claims, and that there is no basis for diversity jurisdiction, the Court would lack subject matter jurisdiction over the claims. Accordingly, remand is warranted.

## CONCLUSION

Based on the foregoing analysis, I grant Plaintiff's motion to amend his complaint and accept the proposed amended complaint as the operative pleading. I also recommend the Court grant Plaintiff's request to remand the matter to state court.[4]

---

[4] Because the amended complaint includes a new defendant (Lt. Col. Vetrillo), if the Court accepts the recommendation, Plaintiff will have to arrange for service on the new defendant in accordance with the Maine Rules of Civil Procedure.

## **NOTICE**

Any objections to the order on the motion to amend shall be filed within 14 days in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of March, 2021.