UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DOMINGUS NOBREGA, | |
| Plaintiff, | |
| vs. | Civil No. 20-302-JDL |
| YORK COUNTY SHERIFF, JAIL ADMINISTRATORS, CHAPLAIN, | |
| Defendants | |

## DEFENDANT KING'S ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant York County Sheriff (William King), by and through counsel, hereby responds to the Plaintiff's Amended Complaint as follows:

The allegations contained in the introductory paragraphs of the Plaintiff's Amended Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

### Relief Can be made on Alleged Grounds for Relief

Numbered paragraphs 1-6 do not contain factual assertions; therefore, no response is required. Moreover, the allegations contained in numbered paragraphs 1-6 of the Plaintiff's Amended Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiff's Amended Complaint and, accordingly, denies same.

To the extent this paragraph makes factual assertions against this Defendant, they are denied. The remaining allegations contained in this paragraph of the Plaintiff's Amended

Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

Ground 1: Natural Rights

To the extent the unnumbered paragraph in "Ground 1" makes factual assertions against this Defendant, they are denied. The remaining allegations contained in this paragraph of the Plaintiff's Amended Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

1. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

2. The Defendant admits the allegations contained in this paragraph of Plaintiff's Amended Complaint.

3. The Defendant admits the allegations contained in this paragraph of Plaintiff's Amended Complaint.

4. The Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint.

5. The Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint.

6. The Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint.

7. The Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint.

8.  The allegations contained in this paragraph of the Plaintiff's Amended Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

Ground 2: Religious freedom; sects equal; Religious tests prohibited; Religious Teachers

To the extent the unnumbered paragraph in "Ground 2" makes factual assertions against this Defendant, they are denied. The remaining allegations contained in this paragraph of the Plaintiff's Amended Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

9.  The Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint.

Ground 3: Sanguinary laws, Excessive Bail, [Cruel or Unusual Punishments Prohibited]

To the extent the unnumbered paragraph in "Ground 3" makes factual assertions against this Defendant, they are denied. The remaining allegations contained in this paragraph of the Plaintiff's Amended Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

10. The Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint.

11. The Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint.

12. The Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint.

Ground 4: MAINE CIVIL RIGHTS LAWS

To the extent the unnumbered paragraphs in "Ground 4" make factual assertions against this Defendant, they are denied. The remaining allegations contained in these paragraphs of the Plaintiff's Amended Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in these paragraphs of Plaintiff's Amended Complaint and, accordingly, denies same.

13. The Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint.

Ground 5: Discrimination Laws

To the extent the unnumbered paragraph in "Ground 5" makes factual assertions against this Defendant, they are denied. The remaining allegations contained in this paragraph of the Plaintiff's Amended Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

14. The Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint.

Ground 6: Harassment Laws (Abuse of Power & Process) (Discriminatory Harassment)

To the extent the unnumbered paragraphs in "Ground 6" make factual assertions against this Defendant, they are denied. The remaining allegations contained in these paragraphs of the Plaintiff's Amended Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to

the truth of the remaining allegations contained in these paragraphs of Plaintiff's Amended Complaint and, accordingly, denies same.

15. The Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint.

To the extent the unnumbered paragraphs in "Ground 6" make factual assertions against this Defendant, they are denied. The remaining allegations contained in these paragraphs of the Plaintiff's Amended Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in these paragraphs of Plaintiff's Amended Complaint and, accordingly, denies same.

16. The allegations contained in this paragraph of the Plaintiff's Amended Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

## CONCLUSION

The allegations contained in the conclusory paragraph of the Plaintiff's Amended Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

## AFFIRMATIVE DEFENSES

1.      The Defendant has at all times acted in good faith and without knowledge that his conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

2.      The Defendant's conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

3.      No reasonable person would have known that the Defendant's conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4.      To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S. § 8107 & 8108.

5.      To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by the personal immunity provisions provided to the Defendant by the Maine Tort Claims Act, 14 M.R.S. § 8111.

6.      To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by the immunity provisions of the Maine Tort Claims Act, including 14 M.R.S. § 8103.

7.      To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is capped by the limitations on damages set forth in the Maine Tort Claims Act.

8.      To the extent that the Plaintiff's Amended Complaint seeks to impose liability on the Defendant in his representative capacity, the Complaint fails to state a claim upon which relief may be granted.

9.      The Plaintiff's own conduct was the sole or a contributing cause of his injuries, such that his claims should be barred or reduced.

10.      The Plaintiff's Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

11.      The Plaintiff's claims are barred for the reason that the Defendant is not liable under a theory of *respondeat superior* for the actions of his agents or employees.

12.      The Plaintiff's claims are barred for the reason that Plaintiff has failed to identify an official policy, custom or practice which has been adopted by the Defendant.

13.      The Plaintiff's claims are barred for the reason that the Defendant's actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

14.     The Plaintiff's claims are barred for the reason that the allegations in the Complaint allege simple negligence and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

15.     The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

16.     The Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

17.     To the extent that the Plaintiff seeks injunctive or declaratory relief, he has no standing.

18.     The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. § 1983 in the Maine Constitution or the United States Constitution.

19.     The Plaintiff's Amended Complaint, in whole or in part, fails to state justiciable claims.

20.     The Defendant reserves the right to demonstrate that the Plaintiff has failed to mitigate his damages.

21.     The Plaintiff's claims are barred, in whole or in part, by the failure to exhaust available administrative remedies.

22.     Plaintiff's claims are barred by provisions of the Prison Litigation Reform Act, including but not limited to 42 U.S.C. § 1997e(a) and/or 42 U.S.C. § 1997e(e).

23.     The Plaintiff does not state any viable claims against the Defendant in his individual capacity.

24.     The Defendant reserves the right to demonstrate that the Plaintiff's Amended Complaint is barred due to insufficiency of process or insufficiency of service of process.

### JURY DEMAND

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendant requests a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendant York County Sheriff William King demands judgment in his favor with regard to all claims in the Plaintiff's Amended Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 12th day of April, 2021.

Attorneys for Defendant
York County Sheriff William King
MONAGHAN LEAHY, LLP
95 Exchange Street, P.O. Box 7046
Portland, ME 04112-7046
(207) 774-3906
jwall@monaghanleahy.com

BY:   /s/ John J. Wall, III
John J. Wall, III

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2021, I filed by ECF the above **Defendant King's Answer to Amended Complaint, Affirmative Defenses and Jury Demand** and that a copy was thereby served on all counsel of record. I further certify that on April 12, 2021 I served a copy of this **Defendant King's Answer to Amended Complaint, Affirmative Defenses and Jury Demand** on the Plaintiff by First Class Mail, postage prepaid, and addressed to the York County Jail, 1 Layman Way, Alfred, ME 04002.

Dated at Portland, Maine this 12th day of April, 2021.

Attorneys for Defendant
York County Sheriff William King
MONAGHAN LEAHY, LLP
95 Exchange Street, P.O. Box 7046
Portland, ME 04112-7046
(207) 774-3906
jwall@monaghanleahy.com

BY:   /s/ John J. Wall, III
John J. Wall, III